## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CATHY J. FONTANA,**
**Claimant Below, Petitioner**

**FILED**
**May 23, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-571**        (JCN: 2018017187)

**MATO CORPORATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Cathy J. Fontana appeals the December 6, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Mato Corporation ("Mato") filed a response.[1] Ms. Fontana did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted no additional permanent partial disability ("PPD") award beyond the 8% PPD award that had already been granted.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 17, 2018, while working for Mato, Ms. Fontana injured her left knee when she slipped on ice and fell. The claim administrator issued an order dated February 12, 2018, holding the claim compensable for left knee sprain. On March 20, 2018, Ms. Fontana underwent a left knee MRI revealing a complete tear of the posterior root of the medial meniscus with peripheral extrusion of the body segment, resultant moderate grade cartilage loss in the far medial aspect of the weight bearing medial femoral tibial compartment, moderate patellofemoral chondromalacia with some subchondral reactive marrow changes in the inferomedial trochlea, fairly extensive fluid and edema along the posterior medial aspect of the medial head of the gastrocnemius muscle is nonspecific but may represent sequelae of a recently ruptured popliteal cyst, and a small joint effusion.

The claim administrator issued an order dated September 26, 2018, authorizing arthroscopic surgery of the left knee. On February 13, 2019, Ms. Fontana underwent an

---

[1] Ms. Fontana is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Mato is represented by Daniel G. Murdock, Esq.

arthroscopy of left knee with medial meniscal root repair. The postoperative diagnosis was left knee meniscal root tear and grade two with mild grade three chondral changes, medial femoral condyle, and mild grade three changes apex of the patella. On August 26, 2019, Ms. Fontana was evaluated by Andrew Landis, Jr., M.D. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Landis found that Ms. Fontana had 8% whole person impairment ("WPI") related to her compensable injury, which included 5% WPI for ligament laxity. Ms. Fontana was granted an 8% PPD award based on Dr. Landis' report.[2]

On April 4, 2022, Bruce Guberman, M.D., evaluated Ms. Fontana and noted that she has pain, stiffness, weakness, and instability of the left knee. Dr. Guberman's physical examination of Ms. Fontana revealed tenderness, crepitations, and range of motion abnormalities. Dr. Guberman opined that Ms. Fontana's symptoms had progressed. Ms. Fontana reported that she continues to have severe pain in her left knee, which increases with prolonged standing and walking. Dr. Guberman noted that Ms. Fontana has difficulties going up and down stairs, and that she reports feeling her left kneecap moving in and out upon changing positions. Dr. Guberman assessed chronic post-traumatic strain and medial meniscal tear of the left knee due to work injury on January 17, 2018, and status post partial medial meniscectomy. Using the *Guides*, Dr. Guberman found 1% WPI for partial medial meniscectomy and 10% WPI for moderate cruciate and collateral ligament laxity, totaling 11% WPI related to the compensable injury.

Ms. Fontana was evaluated by Joseph Grady, II, M.D., on June 23, 2022. Dr. Grady noted Ms. Fontana's discomfort in the left knee, but he found no crepitus, instability, or joint laxity. However, Dr. Grady further noted that Ms. Fontana has difficulties walking on uneven terrain, and that her knee pain does interfere with her ability to garden and fish. Dr. Grady assessed post left knee arthroscopic medial meniscus repair superimposed upon preexisting degenerative changes. Using the *Guides*, Dr. Grady found no left knee range of motion impairment and no ratable impairment for Ms. Fontana's left knee surgery. The claim administrator issued an order dated July 8, 2022, awarding 0% PPD based on Dr. Grady's report.

On July 27, 2023, Ms. Fontana was evaluated by Chuan Fang Jin, M.D. Dr. Jin assessed medial meniscal root tear with surgical repair and preexisting degenerative arthrosis of the left knee. Dr. Jin indicated that no partial meniscectomy was performed and, therefore, she found no impairment for that surgery. Dr. Jin found no ligament laxity, but opined that ongoing laxity, such as in Dr. Guberman's findings, suggests an ongoing pathology that is consistent with degenerative process. Using the *Guides*, Dr. Jin found no WPI related to Ms. Fontana's compensable injury. Dr. Jin noted that Ms. Fontana reported that her knee pain increases to severe with prolonged standing or walking, that walking

_____

[2] It is unclear from the record when the order granting Ms. Fontana 8% PPD was issued by the claim administrator.

upstairs is difficult, that she has stiffness in her knee and she sometimes has to use her hands to straighten it, and that she has swelling and weakness in the knee.

By order dated December 6, 2023, the Board affirmed the claim administrator's order. The Board found that Ms. Fontana failed to establish that she was entitled to more than the 8% PPD previously awarded. Ms. Fontana now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Ms. Fontana argues that the Board erred in disregarding Dr. Guberman's report. According to Ms. Fontana, the Board failed to acknowledge evidence supporting the fact that she continues to have symptoms such as weakness, swelling, and pain in her left knee. Ms. Fontana further contends that the Board did not find any flaws in Dr. Guberman's evaluation procedure and that, as such, it should have resolved the matter in her favor pursuant to West Virginia Code § 23-4-1g (2003).[3] We disagree.

Here, the Board determined that Dr. Guberman's report was an outlier because his was the only report that found 10% WPI related to ligament laxity, which was not supported by the medical evidence. The Board noted that Drs. Jin and Grady found no WPI for laxity, while Dr. Landis found only 5% WPI for laxity. Ultimately, the Board found that, based on the medical evidence, Ms. Fontana failed to establish that she had more than the 8% PPD previously granted.

---

[3] Pursuant to West Virginia Code § 23-4-1g(a), in part, "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."

Upon review, we conclude that the Board was not clearly wrong in finding that Ms. Fontana failed to establish with medical evidence that she had more than the 8% PPD previously granted. Further, contrary to Ms. Fontana's argument, she is not entitled to the matter being resolved in her favor pursuant to West Virginia Code § 23-4-1g, as the Board did not find that the report of Dr. Guberman was of equal evidentiary weight to the reports of Drs. Grady and Jin. Given the Board's findings, we cannot find that it erred in granting Ms. Fontana no additional PPD in accordance with the recommendation of Drs. Grady and Jin.

Accordingly, we affirm the Board's December 6, 2023, order.

Affirmed.

**ISSUED:** May 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4